**NOT FOR PUBLICATION**



UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

GURJIT SINGH SIDHU,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

No.    15-70457

Agency No. A088-565-541

MEMORANDUM*

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 7, 2019**
Seattle, Washington

Before: BEA and NGUYEN, Circuit Judges, and MÁRQUEZ,*** District Judge.

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\** The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*** The Honorable Rosemary Márquez, United States District Judge for the District of Arizona, sitting by designation.

Gurjit Singh Sidhu ("Sidhu"), a native and citizen of India, petitions for review of the Board of Immigration Appeals' ("BIA") denial of asylum, withholding of removal, and protection under the Convention Against Torture ("CAT"). Sidhu claims to fear persecution from police and the Shiromani Akali Dal Badal party in India for his participation in the Shiromani Akali Dal Amritsar party and his demands for a separate Sikh nation. We have jurisdiction under 8 U.S.C. § 1252. "We review the BIA's adverse credibility finding for substantial evidence." *Kin v. Holder*, 595 F.3d 1050, 1054 (9th Cir. 2010) (quoting *Singh v. Ashcroft*, 362 F.3d 1164, 1168 (9th Cir. 2004)). We deny Sidhu's petition for review.

Substantial evidence supports the BIA's adverse credibility finding. In a hearing before the immigration judge, Sidhu testified that, after being arrested in January 2007, the police beat him with wooden batons and tortured him using "big rollers" on his legs. However, Sidhu did not mention in his asylum application that he was beaten during the 2007 detention. Although he later submitted a correction sheet stating that he was beaten and punched during said detention, the correction sheet does not mention torture with the roller. During the same hearing before the immigration judge, Sidhu testified that he was deprived of food, beaten up, and punched following a January 2008 arrest, but he did not mention anything about

2

physical mistreatment during the 2008 detention in either his application or correction sheet. When the immigration judge confronted Sidhu about the discrepancy involving the 2008 detention, Sidhu downplayed his earlier testimony, stating that it was just "one or two slaps," and that it was "just like a normal thing when they arrest a person . . . ." Further, Sidhu pointed in his application and testimony to threatening letters he said he received, but he could not provide clear answers to the immigration judge concerning when he received the letters and how many letters there had been. At one point he testified that he had received "five, six, seven" letters, but at another point he testified that he had received only one letter. These omissions and inconsistencies are not trivial.

The immigration judge noted these inconsistencies during the hearing and questioned Sidhu about them. The immigration judge then found Sidhu's testimony and explanations for these omissions were not credible. *See Kaur v. Gonzales*, 418 F.3d 1061, 1067 (9th Cir. 2005). The BIA reviewed this finding for clear error and affirmed. The immigration judge also found Sidhu did not establish that he timely filed his application for asylum because Sidhu did not provide adequate corroboration of his claimed arrival date and, as discussed above, his testimony was not credible.

Substantial evidence supports the immigration judge's adverse credibility determination. The BIA thus properly denied Sidhu's claims for asylum, withholding of removal, and CAT protection, which were based on Sidhu's not credible testimony. *See Farah v. Ashcroft*, 348 F.3d 1153, 1156 (9th Cir. 2003).

**PETITION FOR REVIEW DENIED.**